UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ICON EV, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                                                                          Case No.

JONATHAN DRWAL,

    Defendant.
_____/

# COMPLAINT

Plaintiff, ICON EV, LLC, a Florida limited liability company (***"Plaintiff"***), through its undersigned counsel, sues Defendant, JONATHAN DRWAL (***"Defendant"***), as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

2. Defendant is an individual residing in Glendale County, Arizona.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claims arise from the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §

1

1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Defendant pursuant to § 48.193, *Florida Statutes* for the following reasons: 1) Defendant was a resident of Florida while employed by Plaintiff, and engaged in some of the acts giving rise to this action while in Florida; 2) Defendant provided services and earned money within the state of Florida; 3) Defendant committed a tort in the state of Florida by engaging in electronic means from out of state to destroy Plaintiff's proprietary inventory management system; 4) Defendant caused damages in the state of Florida and has caused harm to Florida residents because of the destruction of data and the inventory management system.

5. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim including the damages occurred in Hillsborough County, Florida and to the Plaintiff in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff is a fast growing company that manufactures high quality, low speed, electric vehicles.

7. In July of 2017, Plaintiff hired Defendant to work as an information technology (***"IT"***) specialist in Plaintiff's Tampa office.

8. In April of 2020, Plaintiff made the decision to transfer Defendant to ICON EV Arizona, LLC (*"ICON AZ"*), a Florida LLC registered to do business in Arizona and a division of and wholly owned subsidiary of Plaintiff which performs work for and benefits Plaintiff.

9. Plaintiff and ICON AZ have common ownership and share resources and computer platforms. In fact, following his transfer, Defendant continued to assist and aid all Plaintiff related entities including Plaintiff, ICON AZ and ICON Texas, a Florida limited liability company.

10. ICON AZ has assigned its right to seek relief against Defendant to Plaintiff.

11. Subsequent to the Defendant's transfer to Arizona, Plaintiff promoted Defendant from IT Specialist to Chief Information Officer (*"CIO"*).

12. Defendant's position with Plaintiff included the development of a backend platform usable by Plaintiff and Plaintiff's customers to purchase and track goods sold by Plaintiff all over the country, which took over a year to develop and started with Defendant's work in Tampa, Florida (*"Portal"*).

13. Due to Defendant's high-level position and his role in developing the Portal, Defendant had access to Plaintiff's underlying proprietary and confidential data consisting of the programing and programming code that created the Portal as well as operational information, financial information, sales and cost techniques and

data, inventory management techniques and measures, and marketing information (*"Confidential Data"*).

14. The Portal and Confidential Data are not available publicly and gave Plaintiff an economic and competitive advantage as the only system of its kind developed in-house, created by and for Plaintiff, and not available to Plaintiff's competitors.

15. Plaintiff took reasonable measures to keep the Portal and Confidential Data confidential, including: utilizing password protection with respect to access to the Portal and Confidential Data, limiting access to information within the Portal to that of the customer's own account, limiting access to all Confidential Data in the Portal (including parts, inventory, and status) to Plaintiff's personnel with login credentials.

16. It has recently become known to Plaintiff that, while employed with Plaintiff in June of 2021, Defendant began communicating with Terry Trekas (*"Trekas"*), a former executive of Plaintiff. Trekas is contractually prohibited from competing with Plaintiff.

17. Defendant and Trekas began communicating concerning competitive products to Plaintiff suggesting Trekas and Defendant were going to leave or otherwise compete with Plaintiff.

18. Within days after Defendant began secretly communicating with Trekas, Defendant accessed the Portal, caused the Portal to suddenly crash, and deleted all of Plaintiff's Confidential Data on the server, purportedly without backup or any availability to recover the Confidential Data.

19. Defendant's accessing of the Portal and deletion of the Confidential Data caused an interruption in service and Plaintiff was no longer able to access same.

20. Subsequently, Plaintiff terminated Defendant's employment.

21. After his termination, Defendant wrongfully removed his work desktop and laptop—both housing Plaintiff's Confidential Data—from the ICON AZ office and refused to return the same to Plaintiff. Ultimately, Defendant returned a hard drive to Plaintiff, which showed evidence that Defendant intentionally deleted Plaintiff's files stored therein.

22. Without access to the Portal and the Confidential Data, Plaintiff is severely disadvantaged in that it has no efficient way to track sales, inventory, etc., and is left scrambling to recreate this data by hand.

23. Worse, upon information and belief, Defendant retains access to the Portal and Confidential Data and intends to either destroy the same and/or use them to his own competitive advantage to the detriment of Plaintiff.

24. The attempts to recover the lost data are ongoing and costs have exceeded $5,000.00.

25. The cost of rebuilding the Portal is in excess of $75,000.

26. Plaintiff has hired the undersigned attorneys to pursue this action and has agreed to pay said attorneys a reasonable fee for their services rendered herein.

27. All conditions precedent to bringing this action have occurred, have been met or have been waived.

## COUNT I - Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030, et seq.)

28. Plaintiff realleges the allegations set forth in Paragraphs 1-27 as if set forth fully herein.

29. Plaintiff's Portal, servers, and other computer systems constitute "protected computers" as defined by the Computer Fraud and Abuse Act (*"CFAA"*) because they are used in or affect interstate commerce or communication.

30. Plaintiff is, and at all relevant times was, by use of its protected computers, engaged in business that affects interstate commerce.

31. Defendant intentionally accessed, by means of conduct involving interstate communication, Plaintiff's protected computers without authorization or exceeded his authorized access, and thereby obtained information from

Plaintiff's protected computers in violation of the CFAA.

32. Additionally, Defendant violated the CFAA by causing the transmission of a program, information, code, or command and as a result of such conduct, intentionally caused damage without authorization to Plaintiff's protected computer.

33. Defendant knowingly and with intent to defraud, accessed Plaintiff's protected computers without authorization or exceeded his authorized access and by means of such conduct, obtained Plaintiff's Confidential Data, by dishonest methods with the intent to cause injury or loss to Plaintiff in violation of the CFAA.

34. As a result of Defendant's misconduct and violations of the CFAA, Plaintiff has suffered damage or loss in an amount exceeding $5,000 and is entitled to an award of damages under the CFAA for Defendant's violations of the CFAA.

35. By reason of Defendant's violations of the CFAA, and the damages caused or threatened by his misconduct, Plaintiff is entitled to damages and injunctive relief under the CFAA.

36. In addition to the damages Plaintiff has suffered, Defendant's access and ongoing possession of Plaintiff's Confidential Data obtained in violation of

the CFAA, and use and disclosure of such information to engage in competition with Plaintiff, poses a real, present and significant threat of unauthorized disclosure and use of this information, and the diversion of Plaintiff's clients and prospective clients.

37. Defendant's unauthorized disclosure and use of Plaintiff's valuable Confidential Data obtained in violation of the CFAA poses an imminent threat of irreparable injury to Plaintiff.

38. Plaintiff has no adequate remedy at law for Defendant's accessing and ongoing possession of Plaintiff's Confidential Data in violation of the CFAA.

WHEREFORE, Plaintiff demands judgment against Defendant, Jonathan Drwal, for actual damages, costs, and such other relief, including preliminary and permanent injunctive relief, as the Court may deem just and proper.

## COUNT II - Conversion

39. Plaintiff realleges the allegations set forth in Paragraphs 1-27 as if set forth fully herein.

40. The Portal was property owned by Plaintiff.

41. Defendant has deprived Plaintiff of its ownership and possessory rights of its Portal by intentionally deleting it and causing significant harm to the Portal requiring it to be replaced.

42. Defendant created an extensive advertising video for the Plaintiff at

the request of the Plaintiff ("*Video*").

43. Defendant created the video while an employee of Plaintiff, using Plaintiff's equipment, while being paid by compensation by Plaintiff, at the request of Plaintiff, as a work for hire as defined in 17 U.S. Code § 101.

44. Defendant destroyed the Video or otherwise took possession of the Video and continues to deprive the Plaintiff of the Video.

45. Demand was made by Plaintiff for the return of the Video, but Defendant refuses to return the Video.

46. The cost to replace the Portal and Video is in excess of $75,000.

47. Plaintiff reserves all rights to further plead and prove punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant, Jonathan Drwal, for actual damages, costs, and such other relief, including preliminary and permanent injunctive relief if appropriate, and as the Court may deem just and proper.

        ENGLANDER FISCHER

        */s/ David S. Delrahim*
        DAVID S. DELRAHIM
        Florida Bar No. 66368
        Primary:  ddelrahim@eflegal.com
        Secondary:  creeder@eflegal.com
        **ENGLANDER and FISCHER LLP**

721 First Avenue North
St. Petersburg, Florida 33701
Tel: (727) 898-7210 /Fax:  (727) 898-7218
*Attorney for Plaintiff*

10